# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | Case No. 14 C 9405 |
| v. ) | |
| ) | |
| ALFONSO TORRES-CHAVEZ, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On November 21, 2014, pro se Petitioner Alfonso Torres-Chavez filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Petitioner's § 2255 motion and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## PROCEDURAL BACKGROUND

On September 14, 2010, a federal grand jury returned a Superseding Indictment charging Petitioner with (1) conspiracy to possess with the intent to distribute and to distribute controlled substances, namely, mixtures containing cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 ("Count One"), (2) possession with intent to distribute a controlled substance, namely, mixtures containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ("Count Three"), and (3) using a communication facility, namely, a cellular telephone, in facilitating the conspiracy to possess with the intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 843(b) ("Counts Five, Six, and Seven"). On September 29, 2011, following a four day trial, the jury returned a guilty verdict on each of the five counts charged in the Superseding

Indictment. On February 4, 2013, the Court sentenced Petitioner to a total term of 168 months in prison.

Petitioner filed a notice of appeal on February 13, 2013. On March 6, 2014, the United States Court of Appeals for the Seventh Circuit affirmed. *See United States v. Torres-Chavez*, 744 F.3d 988 (7th Cir. 2014). Petitioner then filed the present motion pursuant to § 2255 on November 21, 2014. Construing his pro se § 2255 motion liberally, *see Ambrose v. Roeckeman,* 749 F.3d 615, 618 (7th Cir. 2014), Petitioner brings a Sixth Amendment ineffective assistance of trial counsel claim based on counsel advising him to go to trial instead of taking a plea agreement offered by the government.[1]

## LEGAL STANDARD

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013). In other words, under § 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States,* 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). Accordingly, a § 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second

---

[1] In his opening memoranda, Petitioner briefly states that he is actually innocent. To date, the Supreme Court "has not resolved whether a prisoner may be entitled to habeas relief based on a freestanding actual-innocence claim." *McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 1926, 185 L.Ed.2d 1019 (2013).

2

time. *See Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (relief under 2255 "will not be allowed to do service for an appeal"). Nevertheless, because claims of ineffective assistance of counsel often involve evidence outside of the trial record, such claims may be brought for the first time in a § 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Flores,* 739 F.3d 337, 341 (7th Cir. 2014).

## ANALYSIS

In his § 2255 motion, Petitioner brings an ineffective assistance of trial counsel claim based on the Sixth Amendment based on his counsel's advice to reject the government's plea offer.[2] To establish constitutionally ineffective assistance of trial counsel, Petitioner must show that (1) his trial attorney's performance "fell below an objective standard of reasonableness," informed by "prevailing professional norms" and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the Court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (citation omitted). To establish prejudice, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding," instead trial counsel's

---

[2] Petitioner mentions that counsel owed him a duty of loyalty and that counsel failed to inform him of a conflict with the government. Petitioner's speculative argument is merely supported by his averment that his counsel "pulled something shady." The Court need not consider Petitioner's perfunctory and undeveloped argument. *See United States v. Hassebrock,* 663 F.3d 906, 914 (7th Cir. 2011) (underdeveloped arguments subject to waiver).

3

errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Morgan v. Hardy,* 662 F.3d 790, 802 (7th Cir. 2011) (quoting *Strickland*, 466 U.S. at 687, 693). If Petitioner fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant").

To succeed on his claim that trial counsel's ineffective assistance led him to reject the government's plea offer, Petitioner must show (1) that counsel's performance was constitutionally deficient, namely, that counsel acted in error, and (2) prejudice, namely, that had counsel provided competent advice, there is a reasonable probability that a plea agreement would have been presented to the district court, the court would have accepted it, and the sentence or conviction would have been less severe. *See Foster v. United States,* 735 F.3d 561, 566 (7th Cir. 2013) (citing *Lafler v. Cooper,* ___ U.S. ___, 132 S. Ct. 1376, 1384-85, 182 L.Ed.2d 398 (2012)); *see also Missouri v. Frye,* ___ U.S. ___, 132 S.Ct. 1399, 1409, 182 L.Ed.2d 379 (2012) ("To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.").

Petitioner cannot establish the first requirement, namely, that his trial counsel acted in error. More specifically, in his affidavit attached to his § 2255 motion, Petitioner avers that six months before trial, defense counsel informed him that the government was offering a plea agreement of ten years. (R. 4, Aff. ¶ 2.) Petitioner further avers that his attorney "told me that I should not take the plea because the government lacked evidence to convict me at trial. He told me that d[ue] to his reputation in the courtroom that I would have a good outcome and that he

4

was sure he could beat this case." (*Id*. ¶ 3.) Accepting Petitioner's averments as true, he has not overcome the presumption that his lawyer's performance fell within the wide range of objectively reasonable assistance because counsel's advise to reject the plea agreement and proceed to trial was a sound strategic decision based on counsel's assessment of the government's evidence. *See Premo v. Moore,* ___ U.S. ___, 131 S.Ct. 733, 741, 178 L.Ed.2d 648 (2011) ("Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks."). As the Supreme Court recognizes, evaluating counsel's judgment under the circumstances is not an easy task. *See id*. As the *Premo* Court explains, "[a]n attorney often has insights borne of past dealings with the same prosecutor or court, and the record at the pretrial stage is never as full as it is after a trial." *Id.*

Here, a portion of the evidence tying Petitioner to the conspiracy consisted of recorded conversations intercepted from Title III wiretaps in which Petitioner was referred to as "Guero." This wiretap evidence depended on voice identifications of "Guero" made by cooperating witnesses upon whom the government had conferred benefits. *See Almonacid v. United States,* 476 F.3d 518, 522 (7th Cir. 2007). Accordingly, the government's ability to identify Petitioner through this evidence was not a foregone conclusion. After presiding over the underlying criminal proceedings, including Petitioner's pre-trial motions and Petitioner's jury trial, the Court concludes that counsel's advice to proceed to trial based on the government's evidence was not "beyond the pale of an objectively reasonable strategy." *See Gentry v. Sevier*, 597 F.3d 838, 851 (7th Cir. 2010); *see, e.g., Almonacid,* 476 F.3d at 522.

As the Seventh Circuit teaches, an "attorney need not be 100% correct in her prediction of the consequences of pleading guilty and of going to trial, as a mistake, in and of itself is not proof of deficient performance." *Julian v. Bartley,* 495 F.3d 487, 495 (7th Cir. 2007); *see also Lafler,* 132 S. Ct. at 1391 ("an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance."). Indeed, "[b]ecause reasonable attorneys may have a great deal of disagreement about appropriate strategy or tactics, a defendant challenging the effectiveness of counsel must show more than that counsel made poor choices." *See Julian,* 495 F.3d at 495. The Seventh Circuit, for example, has "recognized that counsel's performance may fall below the minimum threshold if he advises his client to reject a plea bargain in the face of overwhelming evidence of guilt and an absence of viable defenses." *Gallo-Vasquez v. United States,* 402 F.3d 793, 798 (7th Cir. 2005). Such is not the case here. The Court therefore denies Petitioner's ineffective assistance of counsel claim.[3]

## II. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Therefore, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present Memorandum, Opinion, and Order. *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649 n.5, 181 L.Ed.2d 619 (2012).

---

[3] Because the motion, files, and records of this case conclusively show that Petitioner is not entitled to any relief under § 2255, the Court need not hold an evidentiary hearing under the circumstances. *See Koons v. United States,* 639 F.3d 348, 354-55 (7th Cir. 2011); 28 U.S.C. § 2255(b).

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of her § 2255 motion, instead, she must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See id.* at 336; *White v. United States,* 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Petitioner has not established that jurists of reason would debate that the Court should have resolved his ineffective assistance of counsel claim in a different manner, especially in light of the strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *See Johnson v. Thurmer,* 624 F.3d 786, 792 (7th Cir. 2010) ("It is well established that [the court's] scrutiny of counsel's trial strategy is to be deferential and that we do not second guess the reasonable tactical decisions of counsel in assessing whether his performance was deficient."). Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court denies Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** February 5, 2015

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**